UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD DOSS                                     CIVIL ACTION

VERSUS                                          NO. 15-1539

M/V K2, ET AL.                                  SECTION "R" (5)

## ORDER AND REASONS

Defendant Dockside Linemen, Inc. moves the Court to grant summary judgment on plaintiff Donald Doss's claims arising under the Jones Act, 46 U.S.C. § 30104.[1]  Because Doss is not a "seaman" within the meaning of the Jones Act, the Court grants the motion.


## I.    BACKGROUND

In spring 2014, Plaintiff Donald Doss worked for defendant Dockside Linemen, Inc.[2]  Dockside Linemen provides temporary laborers on an as-needed, day-to-day basis to companies in south Louisiana.[3]   These companies include bulk-cargo terminals, such as defendant Associated Terminals, Inc.  According to Doss's payroll records, from February 2014

---

[1]    *See* R. Doc. 17-2 at 6-9 (Dockside Linemen Payroll Records).

[2]    R. Doc. 27, Exhibit A, at 1 ¶2 (Affidavit of Donald Doss).

[3]    *Id.* at ¶¶1-3.

through May 2014, Doss worked a total of fifty-seven days for Dockside Linemen, which outsourced Doss to four different companies.  Doss spent four days out of fifty-seven (February 24, April 10, May 8, and May 12) working for Associated Terminals.[4]  Associated Terminals owns and operates a structure currently known as the M/V MGMT (formerly known as the M/V K2).[5]  According to Dockside Linemen, the MGMT is a "midstream-transfer terminal."[6]  According to Doss, the MGMT is a "work barge vessel and midstream grain transfer vessel."[7]  Regardless, when Doss was assigned to work for Associated Terminals, he worked on board the MGMT loading and unloading grain from barges or vessels on the Mississippi River.[8]

---

[4]     *See* R. Doc. 17-2 at 6-9.

[5]     Doss's complaint refers to the "M/V K2," while his opposition to the motion for summary judgment refers to the "M/V MGMT."  The record reflects that both names refer to the same structure.  *See, e.g.*, R. Doc. 17, Exhibit A, at 1 ¶ 5 (Declaration of Linda Slatten) ("Doss work[ed] on Associated Terminals' midstream-transfer terminal called the MGMT (previously known as 'K2').");  R. Doc. 17, Exhibit B, at 18 ("For the record, let's say when we refer to the K2, okay, is now called MGMT, okay? So those are interchangeable terms."), 54 ("At location, MGMT. That's the new name for K2 . . . .").

[6]     R. Doc. 17-1 at 2.

[7]     R. Doc. 27 at 1.

[8]     *See* R. Doc. 27, Exhibit A, at 1 ¶1.

As Doss was transferring grain on board the MGMT on May 9, 2014, he slipped and fell, injuring his neck, shoulder, hip, and other parts of his body.[9]  Doss filed this suit on May 8, 2014, alleging that he was employed as a Jones Act seaman at the time of his injury.[10]

Dockside Linemen now moves for summary judgment on Doss's Jones Act claims, arguing that the MGMT is not a vessel and even if it were, Doss is not a seaman.  Dockside Linemen contends Doss cannot qualify for seaman status because he was not substantially connected to a vessel in either duration or nature, as the law requires.[11]  In opposition, Doss argues that the MGMT is a vessel because it is equipped with a power generator, fuel storage, and other items or facilities characteristic of vessels; it was not secured or anchored at the time of Doss's accident; and it moved between temporary ports on the Mississippi River at the time of Doss's accident.  Doss does not respond to Dockside Linemen's argument that regardless of whether MGMT is a vessel, Doss is not a Jones Act seaman.[12]

---

[9]      R. Doc. 27, Exhibit C, at 34-40 (Deposition of Donald Doss).

[10]     *See* R. Doc. 1.

[11]     *See generally* R. Doc. 17-1.

[12]     R. Doc. 27.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

## III.  DISCUSSION

Without addressing whether the MGMT is a vessel, the Court finds summary judgment warranted on Doss's claims because he is not a "seaman" within the meaning of the Jones Act.

"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.' " *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (citing 46 U.S.C. app. §688(a)); *see also Becker v. Tidewater*, 335 F.3d 376, 386 (5th Cir. 2003).  The term "seaman" is not defined in the Jones Act, but not every "maritime worker on a ship at sea . . . is automatically a member of the crew of the vessel within the meaning of the statutory terms."  *Id.* at 355, 363.  Instead, to achieve status as a seaman, an employee must show (1) that his duties contributed to the function of a navigable vessel or the accomplishment of its mission, and (2) that he had a connection to a vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and its nature. *Id.* at 368; *Becke*r, 335 F.3d at 387.  The purpose of this test is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Chandris*, 515 U.S. at 368.

5

Whether a person is a seaman is ordinarily a question of fact for the jury. *Becker*, 335 F.3d at 386; *Ellender v. Kiva Const. & Eng'g, Inc.*, 909 F.2d 803, 805 (5th Cir. 1990). But "summary judgment is appropriate where the facts establish [the lack of seaman status] beyond a question as a matter of law and no reasonable evidentiary basis exists to support a jury finding that the injured person is a seaman." *Ellender*, 909 F.2d at 805–06 (quoting *Barrett v. Chevron U.S.A., Inc.*, 781 F.2d 1067, 1074 (5th Cir. 1986)); *accord Becker*, 335 F.3d at 386.

Here, Dockside Linemen has established as a matter of law that Doss lacked a substantial connection to the MGMT in terms of duration. To assess the temporal element of the seaman status test, the Supreme Court has adopted a rule of thumb: "A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Chandris*, 515 U.S. at 371. Doss's payroll records reveal that he spent only four out of fifty-seven days of his employment on board the MGMT. Doss offers nothing to refute this evidence. Indeed, Doss testified at his deposition that his payroll records were "accurate" and that he understood his work on board the MGMT was his only "filling in . . . for a night or two[,]" rather than a "long-term

assignment."[13]   Thus, assuming without deciding that the MGMT is a "vessel," Doss spent only seven percent of his time on board a vessel.  Doss therefore lacked a substantial connection to a vessel, and Dockside Linemen is entitled to summary judgment on Doss's status as a seaman.  Accordingly, Doss's claims under the Jones Act and for maintenance and cure must be dismissed.[14]  *See Lantz v. SHRM Catering Servs., Inc.*, 14 F.3d 54, 1994 WL 14123 at *1 (5th Cir. 1994) ("The standard for determining seaman status for the purposes of maintenance and cure is the same as that established for determining status under the Jones Act."); *Williams v. Danos & Curole Marine Contractors, LLC*, 797 F. Supp. 2d 712, 717 (E.D. La. 2011)

---

[13]     R. Doc. 17, Exhibit B, at 110-11, 242.

[14]     Doss generally contends that summary judgment is improper here because "there has been no realistic opportunity for discovery."  R. Doc. 27 at 7.  Rule 56(d) permits a court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  However, the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).  The party seeking to withstand or continue a motion for summary judgment to obtain further discovery must indicate to the court (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact."  *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).  Because Doss does not argue that further discovery will reveal facts that transform Doss into a seaman for purposes of the Jones Act, the Court grants summary judgment.

(dismissing plaintiff's Jones Act and maintenance and cure claims because plaintiff spent less than thirty percent of his time on a vessel).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Dockside Linemen's Motion for Summary Judgment.

New Orleans, Louisiana, this <u>15th</u> day of April, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE