UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD DOSS | CIVIL ACTION |
| VERSUS | NO. 15-1539 |
| M/V K2, ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Defendant Associated Terminals, Inc. moves the Court to grant summary judgment on all of plaintiff Donald Doss's claims. For the following reasons, the Court grants summary judgment on Doss's claims arising under the Jones Act, 46 U.S.C. § 30104, and his claim for maintenance and cure. Because the Court finds that Doss has alleged sufficient facts to support a claim for general maritime negligence, and Associated Terminals has failed to show that there is no genuine dispute regarding these facts, the Court denies summary judgment on this claim.

### I.     BACKGROUND

In Spring 2014, plaintiff Donald Doss worked for defendant Dockside Linemen, Inc.[1] Dockside Linemen provides temporary laborers on an as-needed, day-to-day basis to companies in south Louisiana.[2] These companies include bulk-cargo terminal operators, such as defendant Associated Terminals, Inc. Doss's payroll records reflect that, from February 2014 through May 2014, Doss worked a total of fifty-seven days for Dockside Linemen, which outsourced Doss to four different companies. Doss spent four days out of fifty-seven (February 24, April 10, May 8, and May 12) working for Associated

---

[1]     R. Doc. 27 at 1 ¶2.

[2]     *Id.* at ¶¶1-3.

Terminals.[3] Associated Terminals owns and operates a structure currently known as the M/V MGMT (formerly known as the M/V K2).[4] When Doss was assigned to work for Associated Terminals, he worked on board the MGMT loading and unloading grain from barges or vessels on the Mississippi River.[5]

As Doss was transferring grain on board the MGMT on May 9, 2014, he slipped and fell, injuring his neck, shoulder, hip, and other parts of his body.[6] Doss filed this suit on May 8, 2014.[7]

On April 15, 2016, the Court granted Dockside Linemen's motion for summary judgment on Doss's Jones Act claims.[8] In its order, the Court found that Doss's short stint on the MGMT does not qualify him as a seaman eligible to invoke the Jones Act.[9] Associated Terminals now moves for summary judgment on the same grounds.[10] In response, Doss concedes that his Jones Act claims and claims for maintenance and cure

---

[3] *See* R. Doc. 17-2 at 6-9.

[4] Doss's complaint refers to the "M/V K2," while his opposition to the motion for summary judgment refers to the "M/V MGMT." The record reflects that both names refer to the same structure. *See, e.g.*, R. Doc. 17, Exhibit A, at 1 ¶ 5 (Declaration of Linda Slatten) ("Doss work[ed] on Associated Terminals' midstream-transfer terminal called the MGMT (previously known as 'K2')."); R. Doc. 17, Exhibit B, at 18 ("For the record, let's say when we refer to the K2, okay, is now called MGMT, okay? So those are interchangeable terms."), 54 ("At location, MGMT. That's the new name for K2 . . . .").

[5] *See* R. Doc. 27, Exhibit A, at 1 ¶1.

[6] R. Doc. 27, Exhibit C, at 34-40.

[7] *See* R. Doc. 1.

[8] R. Doc. 41.

[9] *Id.*

[10] R. Doc. 43.

are precluded by the Court's earlier finding. Doss, however, maintains that his complaint states a claim for general maritime negligence against Associated Terminals, and that Associated Terminals has failed to meet its summary judgment burden as to this claim. Associated Terminals, meanwhile, argues that Doss's complaint states only two causes of action—Jones Act negligence and unseaworthiness—and that Doss never asserted a claim for general maritime negligence.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

## III.  DISCUSSION

As noted, the parties agree that summary judgment is appropriate as to Doss's Jones Act claims against Associated Terminals. The Court therefore need only decide (1) whether Doss has properly asserted a claim for general maritime negligence and, if so, (2) whether summary judgment is appropriate as to that claim.

### A. Whether Doss Has Asserted a Claim for General Maritime Negligence Turns on Facts, Not Labels.

Associated Terminals maintains that a fair reading of Doss's complaint shows that he does not bring a claim for general maritime negligence. Specifically, Associated Terminals points to Doss's choice to divide his complaint into two causes of action. The first cause of action, Associated Terminals asserts, is specifically a Jones Act negligence claim, and the second is for unseaworthiness. Doss's failure to enumerate a third cause of action for general maritime negligence, according to Associated Terminals, dooms the purported claim.

This argument misunderstands Doss's pleading obligation. "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014) (quoting Fed. Rule Civ. Proc. 8(a)(2)). Under Rule 8, the Court evaluates the sufficiency of the factual allegations, rather than the legal labels a plaintiff applies to them. *See id.* (reversing grant of summary judgment where petitioners had "informed the city of the factual basis for their complaint, [and] were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."); *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 617 F.3d 114, 139 (2d Cir. 2010) ("As this Court has previously indicated, the essence of a cause of action is found in the facts alleged

4

and proven by the plaintiff, not the particular legal theories articulated."); *Knapp v. City of Columbus*, 93 F. App'x 718, 720 (6th Cir. 2004) ("The court's duty is to look to the facts and grant the necessary relief as justice requires—not to demand that certain citations or phrases are used."). Accordingly, the Court must look to whether Doss has alleged *facts* supporting a claim for maritime negligence, and whether Associated Terminals has met its burden to show that these facts are not subject to genuine dispute.

### B. Associated Terminals Has Not Met Its Burden to Show That Summary Judgment is Warranted on Doss's General Maritime Negligence Claim.

To state a claim for maritime negligence, "the plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010) (internal quotations and modifications omitted). Doss alleges each of these elements in his complaint. Specifically, Doss alleges: (1) that Associated Terminals owed him a duty[11]; (2) that Associated Terminals breached its duty[12]; (3) that Doss suffered an injury[13]; and (4) that Associated Terminals' breach of its duty caused Doss's injuries.[14]

---

[11] R. Doc. 1 at 3 (asserting the existence of "a legally imposed duty of reasonable care owed by the defendants to the petitioner").

[12] *Id.* (e.g., asserting that defendants "fail[ed] to maintain safe equipment and crane").

[13] *Id.* at 5 (alleging $1.5 million in damages).

[14] *Id.* at 3 ("The accident and all resulting damages were caused by the unseaworthiness, fault and negligence of the M/V K2 and/or Dockside Lineman, Inc. and/or Associated Terminals who were in charge of the navigation, operation, and/or control of the M/V K2 . . . .").

5

As evidence supporting denial of Associated Terminal's motion for summary judgement, Doss points to the expert report of David E. Cole.[15] Cole, a former marine safety specialist with the U.S. Coast Guard, opines that associated Terminal's negligence in fulfilling its duties as owner of the MGMT contributed to Doss's injury.[16] Cole writes:

> It is my opinion that the owner of the MGMT [i.e., Associated Terminals], and Mr. Doss' employer, did not live up to the proper standard of care, and this contributed to Mr. Doss' injury. This would have required proper access between the MGMT and the cargo barges, removal of the slippery hazard presented by wet grain. For example, Mr. Doss did not try to board the empty barge at the upriver end because of wash down being conducted at the same time. This cleaning could have been done prior to Mr. Doss being required to cross over.[17]

Associated Terminals offers no evidence tending to contradict this account. Associated Terminals therefore cannot meet its burden to show that summary judgment on Doss's general negligence claim is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Associated Terminals' motion. Summary judgment is granted as to Doss's Jones Act claims for negligence and unseaworthiness, and his claims for maintenance and cure. Summary judgment is denied as to Doss's claims for general maritime negligence.

New Orleans, Louisiana, this 29th day of November, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 44-9.

[16] *Id.*

[17] *Id.* at 3.