UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD DOSS                                           CIVIL ACTION

VERSUS                                                NO. 15-1539

K2 M/V, ET AL.                                        SECTION "R" (5)


## ORDER AND REASONS

Defendants Associated Terminals, Inc. and the M/V K2 *in rem*, move to strike plaintiff Donald Doss' jury demand.[1] Doss has not opposed the motion. In his complaint, Doss invokes the Court's admiralty jurisdiction.[2] The complaint asserts no other basis for jurisdiction.

A Jones Act seaman is entitled to trial by jury. *See* 46 U.S.C. § 30104 ("A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, *with the right of trial by jury*, against the employer.") (emphasis added). But a plaintiff bringing only non-Jones Act admiralty

---

[1] R. Doc. 51.
[2] R. Doc. 1 at 1 ("This case is cognizable under Admiralty and Maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act (46 U.S.C.A. Section 688), and pursuant to the general Maritime Laws of the United States of America, as hereinafter more fully appears.").

claims enjoys no corresponding right. *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) ("[T]here is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim.").

Because the Court has dismissed Doss' Jones Act claim,[3] and only claims sounding in admiralty remain, Doss' jury demand is properly struck. See *Durden v. Exxon Corp.*, 803 F.2d 845, 850 (5th Cir. 1986) (following dismissal of Jones Act claim, "[t]he district court properly dismissed the jury because the suit alleged admiralty jurisdiction, and properly shouldered the burden of deciding the factual dispute"). Accordingly, defendants' motion to strike Doss' jury demand is GRANTED.

New Orleans, Louisiana, this __10th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. 41; R. Doc. 56.